# CHARLESTON

## STATE *v*. MAYO.

Submitted February 28, 1906.   Decided April 10, 1906.

1. INTOXICATING LIQUORS—*Illegal Sale—Indictment.*
    In an indictment under sections 16 and 17, chapter 32, Code 1899, for selling intoxicating drinks to a minor, it is not sufficient to charge that the sale was made by a certain named person for the defendant. The indictment should charge that the sale was made by the defendant. (p. 332.)

Error to Circuit Court, Randolph County.

Lem Mayo for M. Stalnaker was convicted of illegal sale of liquors, and brings error.

*Reversed.   Indictment dismissed.*

JARED L. WAMSLEY, for plaintiff in error.

C. W. MAY, Attorney General, for the State.

SANDERS, JUDGE :

This is a writ of error to a judgment of the circuit court of Randolph county, convicting the defendant, M. Stalnaker, of a misdemeanor. The defendant appeared and moved to quash the indictment against her, which motion was over-ruled, and which is assigned as error. The indictment is in the following form:

"The grand jurors of the State of West Virginia, in and for the body of the said county of Randolph, and now attending the said court, upon their oaths present that Lem Mayo for M. Stalnaker on the —— day of January, 1901, within one year next preceding the finding of this indictment, in the county aforesaid, she the said M. Stalnaker having then and there a state license to sell spirituous liquors, wine, porter, ale, beer, and other intoxicating drink, he the said Lem Mayo did at M. Stalnaker's place of business and on premises under her control, in the town of South Elkins, in said county, then and there unlawfully and in violation of the conditions of M. Stalnaker's license bond sell and give away to one Charlie Stalnaker, a minor, intoxicating drink, and he the said Lem Mayo then and there knowing and having reason to believe that the said Charlie Stalnaker was then and there a minor under 21 years of age, against the peace and dignity of the State."

Should the court have sustained the motion to quash the indictment? By section 16 of chapter 32 of the Code it is provided that if any person having a state license to sell spirituous liquors shall sell or give away any such liquors or drinks to a minor, he shall be guilty of a misdemeanor, and section 17 of the same chapter says: "A sale of any such liquors or drink by one person for another shall, in any prosecution for such sale, be taken and deemed as a sale by both, and both may be indicted and fined therefor, either jointly or separately." By this section it is made immaterial whether the sale is by the person having the license, or by some one acting for such person—still the person having the license would be liable. Therefore, if the defendant had a state license, as charged in the indictment, to sell spirituous liquors, and Lem Mayo, acting as her agent, made the sale to a minor, when at the time he had reason to believe such person to be a minor, the defendant would be liable, but there should be a

charge in the indictment that the sale was made by her. There is no charge in the indictment against the defendant. She is not accused of any offense. The indictment charges that the sale was made by Lem Mayo for the defendant. This does not constitute a charge against her. If the allegations of the indictment be true, an indictment could be found against her, charging her with making the sale, and if upon the proof it were shown that the sale was made for her, she could be found guilty, yet there must be a specific and direct charge against her. It will not do to simply charge the agent with making the sale for her. To hold such an indictment good as to the defendant, would be a plain violation of criminal pleading.

The court erred in refusing to quash the indictment as to M. Stalnaker. We reverse the judgment, sustain the motion to quash as to M. Stalnaker, dismiss the indictment as to her, and discharge her from further prosecution thereunder.

*Reversed.   Indictment Dismissed.*

BRANNON, JUDGE, (*dissenting*):

I am not willing to *quash* the indictment. It says that "Lem Mayo for M. Stalnaker" sold to a minor. If those quoted words are true both defendants are guilty, by the very letter of the statute. If one for another sell or give a minor liquor both are guilty. It is generally enough to charge an offense in the words of the statute. I had some question whether the indictment ought not to amplify the words of the statute by saying to the effect that Mayo as agent of Stalnaker, and by her direction and procurement, gave the liquor to the minor; but that little word "for" would compel the State to prove such agency to convict Mayo, and therefore I do not think such enlargement on the words of the statute necessary; not necessary for notice, nor as descriptive of the offense. If Mayo for Stalnaker gave the liquor, both are guilty by the words of the statute. What more does the indictment need? It is an indictment against both.